**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Roberto GONZALEZ,**
**Defendant–Appellant.**

No. 04–41676.

**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 17, 2005.

James Lee Turner, Assistant U.S. Attorney, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Juan Roberto Gonzalez appeals his guilty-plea conviction and sentence imposed for possession with intent to distrib-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ute less than 50 kilograms of marijuana. He argues for the first time on appeal that the district court plainly erred in imposing his sentence pursuant to the then mandatory United States Sentencing Guidelines, which were subsequently held unconstitutional in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We review for plain error. *United States v. Mares,* 402 F.3d 511, 520–21 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005)(No. 04–9517). As Gonzalez concedes, he cannot show that the error affected his substantial rights as he cannot show that it affected the outcome of the proceedings in the district court. *See United States v. Martinez–Lugo,* 411 F.3d 597, 601 (5th Cir.2005). The error was not structural, and prejudice is not otherwise presumed. *See id.; United States v. Malveaux,* 411 F.3d 558, 560 n. 9 (5th Cir.2005) (citing *Mares,* 402 F.3d at 520–22), *petition for cert. filed* (July 11, 2005) (No. 05–5297). To the extent Gonzalez argues that *Mares* and *United States v. Bringier,* 405 F.3d 310, 317 (5th Cir.2005), *petition for cert. filed* (July 26, 2005)(No. 05–5535), are inconsistent with *United States v. Dominguez Benitez,* 542 U.S. 74, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004), one panel cannot overrule another. *See United States v. Ramirez–Velasquez,* 322 F.3d 868, 876 (5th Cir.2003). Thus, Gonzalez has not shown reversible plain error. *See Mares,* 402 F.3d at 520–21.

Gonzalez argues that the statute under which he was convicted, 21 U.S.C. § 841, is unconstitutional in view of the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He concedes that this issue is foreclosed by this court's decision in *United States v. Slaughter,* 238 F.3d 580, 582 (5th Cir.2000), but he states that he is raising the issue to preserve it for possible Supreme Court review. This court has specifically rejected the argument that *Apprendi* rendered § 841's sen-

tencing provisions facially unconstitutional. *See United States v. Fort,* 248 F.3d 475, 482–83 (5th Cir.2001); *Slaughter,* 238 F.3d at 582. This court is bound by its prior precedent on this issue. *Ramirez–Velasquez,* 322 F.3d at 876.

AFFIRMED.